FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

EDDIE LAMAR THOMAS, JR.,

    Petitioner - Appellant,

v.

DON LANGFORD,

    Respondent - Appellee.

No. 23-3118
(D.C. No. 5:22-CV-03121-JWL)
(D. Kan.)

———————————————————

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

———————————————————

Before **BACHARACH** and **KELLY**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.

———————————————————

Eddie Lamar Thomas, Jr., proceeding pro se[1] seeks a Certificate of Appealability (COA) to appeal the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Thomas proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

A Kansas jury convicted Thomas of robbery and first-degree murder and he was sentenced to life imprisonment. The Kansas appellate courts affirmed the conviction and sentence on direct appeal. *See State v. Thomas*, 353 P.3d 1134, 1143 (Kan. 2015). The state supreme court set forth the factual basis for Thomas's underlying conviction:

> Eddie Thomas, Jr. shot and killed Christopher Dotson after agreeing to have sex with Dotson in exchange for money . . . . Dotson's body was found in his apartment. An autopsy revealed that he died from a single gunshot wound to the head . . . . Thomas voluntarily appeared at the Shawnee Police Department for an interview . . . . [He] confessed that while at the apartment, he shot Dotson with a .40 caliber Ruger pistol and took Dotson's wallet.

> After the interview, law enforcement officers applied for a warrant to search the residence of Thomas' girlfriend, Shana Williams. The affidavit submitted in support of the search warrant included Thomas' admissions that (1) he owned a .40 caliber Ruger pistol; (2) he took the pistol with him to Dotson's apartment; and (3) he shot Dotson in the face.

> During the search of Williams' residence, police seized a white t-shirt and denim shorts that appeared to have small drops of blood on them. The search also revealed a receipt signed by Thomas itemizing the purchase of a Ruger P94 pistol and .40 caliber Smith and Wesson ammunition. Police were unable to locate the pistol or ammunition.

> Thomas was first charged with first-degree murder and aggravated robbery . . . . However, after his arraignment, Thomas filed a motion to suppress statements he made during his interview, claiming a *Miranda* violation. The district court granted Thomas' motion and issued an order suppressing portions of Thomas' interview, including his confessions that he owned a pistol, shot Dotson, and took Dotson's wallet. The district court later dismissed the criminal charges because Thomas' confessions were the only evidence presented at the preliminary hearing to support the finding of probable cause for the filed charges.

> The State refiled charges against Thomas for first-degree murder under alternative theories of premeditation and felony murder, and for aggravated robbery. Following another preliminary hearing, the district

2

court found that probable cause existed to bind Thomas over for trial. The district court also incorporated its order from Thomas' original criminal case, which had suppressed Thomas' un-*Mirandized* confessions. Thomas thereafter filed a motion seeking to suppress the physical items seized when the police executed the search warrant which had been issued upon an affidavit containing Thomas' unlawfully obtained incriminating statements. The district court denied the motion.

*Id.* at 1136–38.

Thomas sought state habeas relief by filing a motion under Kan. Stat. Ann. § 60-1507. The Kansas district court denied the motion, the Kansas Court of Appeals affirmed the denial, and the state supreme court denied Thomas's petition for further review.

Thomas then filed a § 2254 petition in federal district court. He advanced two claims: (1) improper admission at trial of physical evidence seized pursuant to a search warrant obtained in part based on statements he made without having received his *Miranda* warnings, and (2) ineffective assistance of trial counsel for failing to adequately seek exclusion of that evidence. The district court denied the petition and denied a COA.

**DISCUSSION**

To appeal the denial of his § 2254 petition, Thomas must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our consideration of a COA request incorporates the "deferential treatment of state court decisions" in the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under

3

AEDPA, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Thomas has not made that showing. As the district court concluded, his first habeas claim—improper admission of physical evidence—fails because, among other reasons, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." R. vol. 1 at 166 (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). Thomas does not dispute that the Kansas courts provided him a full and fair opportunity to litigate his claim that the admission of the evidence was unconstitutional, so reasonable jurists could not dispute that he is not entitled to habeas relief on this basis.

Thomas's second habeas claim—ineffective assistance of counsel—fails because the state supreme court concluded the evidence described in the warrant affidavit "supported a finding of probable cause apart from [his] un-*Mirandized* confessions." *Thomas*, 353 P.3d at 1143. Although Thomas may disagree with this conclusion, he has not established either that counsel's efforts on the matter "fell below an objective standard of reasonableness," or that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). No reasonable jurist could debate the district court's resolution of this issue.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Carlos F. Lucero
Circuit Judge